Zhang v. Garland

BIA
A205 904 310

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-two.

PRESENT:
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
        STEVEN J. MENASHI,
            *Circuit Judges.*

_____

LING ZHANG,
        *Petitioner*,

        v.                      **20-991**
                                       **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:          Jie Han, Esq., Flushing, NY.

FOR RESPONDENT:         Brian M. Boynton, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Sarah Byrd, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ling Zhang, a native and citizen of the People's Republic of China, seeks review of a February 21, 2020 decision of the BIA denying her motion to reopen her removal proceedings. *In re Ling Zhang*, No. A205 904 310 (B.I.A. Feb. 21, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). "[A]gency fact-finders have a particular duty explicitly to consider relevant evidence of country conditions when a petitioner bases a motion to reopen on a purported change in those conditions." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). Where, as here, "such consideration has been given, we review the BIA's fact-finding only for substantial evidence." *Id.* (quotation marks omitted). It is undisputed that Zhang's motion to reopen was

time barred because she filed it in August 2019, nearly three years after the BIA's final administrative decision in November 2016. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (90-day window for filing a motion to reopen); 8 C.F.R. § 1003.2(c)(2) (same).

There is an exception to the time limitation if the motion is filed to seek asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007).

The BIA did not err in finding that Zhang failed to demonstrate a material change in conditions in China as needed

3

to excuse the time limitation. Zhang submitted two 2019 news articles with her motion. The articles reveal that (1) the Chinese government banned Falun Gong in the 1990s, (2) allegations of forced organ harvesting of prisoners arose as early as 2001, (3) "[f]orced organ harvesting has been committed for years throughout China on a significant scale," and (4) the Chinese government proclaimed in 2014 that it would phase out the practice of extracting organs from prisoners (but it is unclear if that has occurred). This country conditions evidence does not demonstrate a material worsening of conditions since Zhang's 2014 hearing but shows instead that the Chinese government's mistreatment of Falun Gong practitioners and practice of organ harvesting have been ongoing since before that time. Zhang also referred to the 2014 State Department Report, but that report similarly reflects that advocacy groups were reporting organ harvesting of prisoners at that time. Zhang's affidavits from fellow Falun Gong practitioners do not describe a material worsening in the treatment of Falun Gong practitioners in China or an increase in organ harvesting between 2014 and 2019. Rather, one affidavit reports that the "brutal persecution of Falun

4

[Gong] practitioners has been going on since July 1999."

Finally, Zhang's claim of ineffective assistance of counsel cannot cure the untimeliness of her motion to reopen. While "ineffective assistance of counsel can, in some circumstances, afford an alien additional time beyond the limitations period for a motion to reopen and relieve a petitioner from the numerical bar," such equitable tolling is available only where the petitioner has "demonstrate[d] that he or she has exercised due diligence during the entire period he or she seeks to toll." *Rashid v. Mukasey*, 533 F.3d 127, 130-32 (2d Cir. 2008). Zhang retained her current counsel as early as 2015, when she appealed the IJ's decision to the BIA. The record does not show—and in any event Zhang fails to argue—that she exercised due diligence during the more than three years between then and her 2019 motion to reopen.

On this record, the BIA did not abuse its discretion in finding that Zhang failed to meet her burden to demonstrate a material change in conditions in China since her 2014 hearing before an immigration judge. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *In re S-Y-G-*, 24 I. & N. Dec. at 257 (explaining that "[c]hange that

is incremental or incidental does not meet the regulatory requirements for late motions").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court